Per Curiam,.

The plaintiff shipper declared a released value of the property of $50. Such released value, however, could only apply to that property concerning which the defendant carrier had been authorized to establish and maintain rates dependent upon value. The defendant did not petition for and the order of the Interstate Commerce Commission did not authorize it to establish and maintain rates for clothing made of wool. The released rates order specifically limits the classification of the merchandise on which the defendant can release liability to celanese and rayon fibres, yarns and fabrics, silk, mixtures of the foregoing and finished and unfinished products thereof. When, therefore, the defendant accepted the shipment of the wool clothing with a released value, it deviated from the order of the commission and from its filed tariffs established under the authority of that order. The contract of carriage in the circumstances was invalid and unenforcible. The plaintiff, moreover, is not estopped, having accepted the benefit of the lower rate, for any such limitation of liability “ without respect to the manner or form in which it is sought to be made is declared to be unlawful and void”. (U. S. Code, tit. 49, § 20, subd. [11]; New York & Honduras Rosario Min. Co. v. Riddle Airlines, 3 A D 2d 457.)
The judgment should be modified by increasing the recovery to the sum of $600, with interest and costs, and as modified affirmed, with $25 costs to appellant.
Hecht, J. P., Aurelio and Tilzer, JJ., concur.
Judgment modified, accordingly.